UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-CV-00522-FDW-DSC

| SENECA INSURANCE COMPANY, INC., | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| HARRIS HOSPITALITY GROUP, LCC *et al.*, | ) | |
| Defendants. | ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 16). The motion has been full briefed, and for the reasons set forth below, the motion is DENIED.

In its motion, Plaintiff seeks the Court's resolution of this matter in its favor, asserting Defendants have not presented evidence that hail or wind damaged their roof in July 2020 and, instead, Plaintiff's evidence proves the damage was caused by long-term deterioration that is excluded from coverage of the relevant policy. Id. Defendants, on the other hand, assert their evidence, including Mr. Carlos Inguanzo's report, (Doc. No. 16-4), and Mr. John Mrakovcic's deposition, (Doc. No. 20-1), shows the damage to their roof was caused by wind or hail. (See Doc. No. 20).

Summary judgment is appropriate if the movant shows there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record,] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S.

317, 323 (1986). Once the moving party has met its burden, the burden shifts and the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 n.11 (1986) (quoting Fed. R. Civ. P. 56(e)).

Based on a thorough review of the record, the Court finds that issues of material fact exist as to the cause and extent of the damage to Defendants' roof. Resolution of these issues would require the Court to resolve the credibility of the witnesses and weigh the evidence, which is appropriate for a jury, not the Court. Sedar v. Reston Town Ctr. Prop., LLC, 988 F.3d 756, 761 (4th Cir. 2021) ("… summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits. The court may grant summary judgment only if it concludes that the evidence could not permit a reasonable jury to return a favorable verdict. Therefore, courts must . . . refrain from weighing the evidence or making credibility determinations.") (citations and quotations omitted). Summary judgment is therefore not appropriate, and the Court accordingly denies Plaintiff's motion.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment, (Doc. No. 16), is DENIED. The parties' jointly prepared pretrial submissions shall be filed no later than September 6, 2022.

The parties shall TAKE NOTICE that a pretrial conference will take place immediately following docket call on September 12, 2022, at 9:15 a.m. in Courtroom #5B of the Charles R. Jonas Building, 401 W. Trade Street, Charlotte, North Carolina.

IT IS SO ORDERED.

Signed: August 18, 2022

*[signature]*

Frank D. Whitney
United States District Judge