UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00522-FDW-DSC

| | |
|---|---|
| SENECA INSURANCE COMPANY INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| HARRIS HOSPITALITY GROUP, LLC ) | |
| and DAUD & DAUGHTER, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff Seneca Insurance Company Inc.'s Motion in Limine, (Doc. No. 27), and the parties' briefs in support of their proposed jury instructions, (Doc. Nos. 29, 30). Immediately prior to and during trial, the Court ruled on Plaintiff's motion in limine and the parties' objections to the jury instructions. The Court enters this order to memorialize those oral rulings, which are contained in the transcript for trial and incorporated by reference herein. For the reasons stated in open court and set forth below, Plaintiff's motion in limine, (Doc. No. 27), is granted in part and denied in part, and Defendants Harris Hospitality Group, LLC and Daud & Daughter, LLC's objections to the jury instructions are overruled.

The Court takes this opportunity to further explain its rulings on the jury instructions in this matter. As Defendants explained in their brief, (Doc. No. 30), there are two disputes regarding the jury instructions: first, whether Defendants are required to prove their property sustained damaged due to wind and/or hail on or about July 18, 2020; and second, whether Plaintiff is required to prove the loss or damage was "entirely" the result of an excluded cause—as opposed

to "partially" the result of an excluded cause and "partially" the result of a covered cause. (See Doc. Nos. 29, 30).

Defendants first object to the inclusion of the claimed cause (i.e., wind or hail) and the date (i.e., on or about July 18, 2020) the claimed cause occurred. Defendants instead propose an incredibly broad instruction asking only whether "the [D]efendants' hotel sustain[ed] direct physical loss or damage between February 5, 2020[,] and February 5, 2021?" This broad instruction is simply not supported by applicable case law. Under North Carolina law, "[r]ecovery will be allowed under a policy affording 'all risks' coverage [such as the policy at hand] for all losses of a fortuitous (external) nature not resulting from misconduct or fraud, unless the policy contains a specific provision expressly excluding loss from coverage." DENC, LLC v. Philadelphia Indem. Ins. Co., 421 F. Supp. 3d 224, 228 (M.D.N.C. 2019) (quoting Cleveland Const., Inc. v. Fireman's Fund Ins. Co., 819 F. Supp. 2d 477, 481 (W.D.N.C. 2011) (quoting Avis v. Hartford Fire Ins. Co., 195 S.E.2d 545, 547 (N.C. 1973)). Accordingly, coverage under an "all risks" policy will only extend when the alleged loss is caused by a fortuitous event. Id.; see also Avis, 195 S.E.2d at 548. "The word 'fortuitous' means 'occurring by chance without evident causal need or relation or without deliberate intention …. A fortuitous event may be said to be one not certain to occur." Avis, 195 S.E.2d at 548. Thus, in order to meet its "initial burden of bringing itself within the insuring language of the policy," an insured must show a fortuitous event caused the alleged loss. See DENC, 421 F. Supp. 3d at 228. Here, Defendants' proposed instruction fails to allege such fortuitous event. Moreover, the Court notes Defendants have consistently alleged that wind and/or hail on or about July 18, 2020, caused their damage. This is how Defendants reported their claim to Plaintiff, this is what Defendants alleged in their counterclaim in this lawsuit, and wind and/or hail is what Defendants' expert witness claims

caused the damage to Defendants' property. (See Doc. No. 29, p. 3). Accordingly, the Court finds Plaintiff's proposed jury instruction, which includes reference to wind and/or hail on or about July 18, 2020, is supported by case law and necessary in this matter.

The Court also finds in favor of Plaintiff as to the second jury instruction issue. It is undisputed that Plaintiff's proposed instruction repeats the relevant exclusions as they appear in the policy. (See Doc. No. 1-1, pp. 58-59). Defendants proposed instruction, on the other hand, confusingly requires the jury to "distinguish between the loss or damage being 'entirely' the result of an excluded cause—and thus excluded from coverage under the policy—or 'partially' the result of an excluded cause and 'partially' the result of a covered cause—which entitles Defendants to coverage under the policy." (See Doc. No. 30, p. 5). This language is nowhere in the policy, and Defendants do not assert the exclusionary language of the policy is ambiguous. It is well settled under North Carolina law "[w]hen the policy language is unambiguous, [] courts have a 'duty to construe and enforce insurance polices as written, without rewriting the contract or disregarding the express language used.'" Eatman Leasing, Inc. v. Empire Fire & Marine Ins. Co., 550 S.E.2d 271, 281 (N.C. Ct. App. 2001) (quoting Fidelity Bankers Life Ins. Co. v. Dortch, 348 S.E.2d 571, 572 (N.C. 1986)). Nevertheless, Defendants now ask the Court to disregard the policy language.

To the extent Defendants rely on Avis v. Hartford Fire Ins. Co., 195 S.E.2d 545 (N.C. 1973), their reliance is misplaced. In Avis, the Supreme Court of North Carolina held that, "[a]s a general rule, coverage will extend when damage results from more than one cause even though one of the causes is specifically excluded." 195 S.E.2d at 549 (citations omitted). There, the insureds "sought recovery for loss or damage caused not only by the peculiar nature of the paneling and woodwork to reject paint, but by other extraneous circumstances. The actions of the reputable painter employed by plaintiffs in applying the paint to the walls, attempting to remove it with

commercial solvents, and in attempting to repaint the walls were extraneous forces without which the loss would not have occurred." Id. Here, in contrast, Defendants have only alleged one cause of the damage to their property—a weather event on or about July 18, 2020. Because Defendants have not alleged any other cause for the damage to their property, Defendants' proposed language is unnecessary and invites confusion. (See Doc. No. 29, pp. 6-7). Therefore, the Court finds Plaintiff's proposed instruction—which duplicates the language of the policy—is appropriate. Defendants' objections to the jury instructions are overruled.

IT IS SO ORDERED.

Signed: September 26, 2022

Frank D. Whitney
United States District Judge